IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

OVIDIO DATIZ-RODRIGUEZ,

    Defendant.

CRIMINAL NO. 01-057 (PG)

**REPORT AND RECOMMENDATION**

    The record shows defendant Ovidio Datiz-Rodríguez was sentenced to sixty (60) months term of imprisonment on September 17, 2002, which included also a four (4) year term of supervised release and other special conditions. *Judgment, Docket No. 394.*

    On March 5, 2010, the Probation Office timely filed the pending motion for revocation of defendant's supervised release stating the term of supervised release would expire on April 3, 2010. (Docket No. 718). Pursuant to information provided in said motion, the term of supervised release for this defendant Datiz-Rodríguez expired on April 3, 2010, but the warrant of arrest was issued by the Court on April 13, 2010, probably not becoming aware that the supervised release term had already expired. (Docket Nos. 719, 720). Upon the arrest of defendant, the initial appearance and detention pending a preliminary revocation hearing took place on April 28, 2010 before the undersigned.

    The Probation Officer has now filed a motion for some disposition and/or for dismissal of the revocation proceedings indicating the term of supervised release expired before the arrest warrant was issued. (Docket No. 728).

    A hearing to show cause to determine probable cause for revocation of above defendant Ovidio Datiz-Rodríguez' supervised release was scheduled for today, May 6, 2010. Counsel for defendant, Atty. Anita Hill, had filed a motion for continuance. AFPD Viviane Marrero, who had

United States v. Ovidio Datiz-Rodríguez
Criminal No. 01-057 (PG)
Report and Recommendation
Page No. 2

been previously appointed to represent the defendant, was present in court because the Federal Public Defender Office had not been yet relieved from representing defendant.  The motion for some disposition was discussed and the government, represented by AUSA Warren Vázquez, did not object to the motion nor defendant's release from custody.

From the above discussed and the record, there is no controversy that the Court lacks jurisdiction to entertain the motion requesting revocation of the supervised release term pursuant to Title 18, United States Code, Section 3583(I).

Section 3183(I) reads as follows:

(I) Delayed revocation.--The power of the court to revoke a term of supervised release for violation of a condition of supervised release, and to order the defendant to serve a term of imprisonment and, subject to the limitations in subsection (h), a further term of supervised release, extends beyond the expiration of the term of supervised release for any period reasonably necessary for the adjudication of matters arising before its expiration if, before its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation.

The starting point in construing a statute should first address its wording or its language. Good Samaritan Hospital v. Shalala, 508 U.S. 402 at 409, 113 S.Ct. 2151 (1993).  Although Congress amended the supervised release provisions on September 13, 1994, there was no reference to tolling of said period in Title 18, United States Code, Section 3583(I), except that jurisdiction by the courts was retained ". . . beyond the expiration of the term of supervised release for any period reasonably necessary for the adjudication of matters arising before its expiration **if, before its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation**." (*Emphasis supplied*).

Similarly, the provisions of Section 3583(e) as to modification of conditions or revocations make reference to the court's authority to modify same at any time prior to the expiration or termination of the term of supervised release.  Clearly there is no intention to extend the authority

United States v. Ovidio Datiz-Rodríguez
Criminal No. 01-57(PG)
Report
Page No. 3

once such a term has expired and which could support a generalized tolling of supervised release. On the contrary, there is an specific requirement that an affirmative action be taken (issuance of summons or warrant of arrest) within the constraints of the supervised release term.

Other courts have approached the issue regarding tolling when a defendant has absconded or has been outside the jurisdiction of the United States. The Court of Appeals for the First Circuit identified the problem with the tolling issue now being considered as non-applicable in United States v. Hernández-Ferrer, 599 F.3d 63 (1st Cir. 2010) (at times the revocation hearing may not be held until after the scheduled expiration of the supervised release term, if the delayed revocation provisions of Section 3583(I) applies);[1] see also United States v. Morales Alejo, 193 F.3d 1102 (9th Cir. 1999); United States v. Crane, 979 F.2d 687 (9th Cir. 1992). See also United States v. Garret, 253 F.3d 443 (9th Cir. 2001); United States v. Naranjo, 259 F.3d 379, 5th Cir. 2001); United States v. Juan-Manuel, 222 F.3d 480 (8th Cir. 2000).

From the above wording it is clear that either a warrant or a summons should have been issued before expiration of defendant's supervised release term and that an order or lack thereof, which neither grants nor denies the request of a timely motion by the probation officer, would not initiate a tolling period.

This defendant was taken into federal custody solely on the pending revocation proceedings since the state charges as to which revocation were sought are still ongoing in the state courts of the Commonwealth of Puerto Rico and seemly he was therein granted state bail.[2] Therefore, this

---

[1] Still, the petition for revocation may be based on a violation of supervised release that took place during the term of the supervised release and the issuance of a warrant of arrest for another violation does not operate to preserve jurisdiction of the court for later violations occurring after expiration of the supervised release term. United States v. Hernández-Ferrer, 599 F.3d at 66-67.

[2] 18 U.S.C. §3624(e) provides that:

Supervision after release – A prisoner whose sentence includes a term of supervised

United States v. Ovidio Datiz-Rodríguez
Criminal No. 01-57(PG)
Report
Page No. 4

defendant is not considered to be an individual as to whom tolling could be made effective under Title 18, United States Code, Section 3583(e).

The record shows that the motion requesting revocation of supervised release was filed on March 25, 2010, and as such it was timely filed before the defendant's term of supervised release had expired on April 3, 2010. Still, it is also clear that the court's jurisdiction was not preserved by the issuance of warrant and/or summons after the expiration of the term of supervised release. Accordingly, this Court would lack jurisdiction to entertain the motion requesting revocation pursuant to Title 18, United States Code, Section 3583(i).

Hence, it is recommended that the "Motion Requesting Revocation of the Supervised Release Term" (Docket No. 718) be DISMISSED and the "Motion for Some Disposition" be GRANTED. (Docket No. 728).

Finally, it is noted that defendant requested he be released from custody due to the above circumstances. The government did not object and acquiesced to the release. Accordingly, the undersigned ordered defendant's release from custody.

The parties have fourteen (14) days to file any objections to this report and recommendation. Amended Fed. R. Crim P. 59 (b)(2). *See also* Amended Local Rules.[3] Failure

---

release after imprisonment shall be released by the Bureau of Prisons to the supervision of a probation officer who shall, during the term imposed, supervise the person released to the degree warranted by the conditions specified by the sentencing court. The term of supervised release commences on the day the person is released from imprisonment and runs concurrently with any Federal, State, or local term of probation or supervised release or parole for another offense to which the person is subject or becomes subject during the term of supervised release. **A term of supervised release does not run during any period in which the person is imprisoned in connection with a conviction for a Federal, State, or local crime unless the imprisonment is for a period of less than 30 consecutive days. (***Emphasis supplied***)**

[3] Local Rule 72 (d), as amended December 3, 2009 provides:
  **(d)   Objections to Report of Proposed Findings and Recommendations as to Dispositive Motions and Prisoner Cases.**

United States v. Ovidio Datiz-Rodríguez
Criminal No. 01-57(PG)
Report
Page No. 5

to file same within the specified time waives the right to appeal this order. Henley Drilling Co. v. McGee, 36 F.3d 143, 150-151 (1st Cir. 1994); United States v. Valencia, 792 F.2d 4 (1st Cir. 1986). *See* Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 991 (1st Cir. 1988) ("Systemic efficiencies would be frustrated and the magistrate's role reduced to that a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round").

     IT IS SO RECOMMENDED.

     In San Juan, Puerto Rico, this 6th day of May, 2010.

     **S/ CAMILLE L. VELEZ-RIVE**
     **CAMILLE L. VELEZ RIVE**
     **UNITED STATES MAGISTRATE JUDGE**

---

     Any party may object to the magistrate judge's report of proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1) within fourteen (14) days after being served a copy of it. The party shall file with the clerk and serve on all parties written objections which shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for the objection.